UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/20/2023

7GROUP, LLC,

                Plaintiff,

        -against-

MT HAWLEY INSURANCE COMPANY,

                Defendant.

23-cv-6656 (MKV)

**ORDER DENYING MOTION
TO COMPEL APPRAISAL**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff 7Group LLC ("7Group") moves to compel Defendant Mt. Hawley Insurance Company ("Mt. Hawley") to participate in an appraisal of an insurance claim and to stay this action pending the outcome of the appraisal. For the following reasons, the motion is DENIED.

## BACKGROUND

7Group owns property located at 4903 Viceroy Street, Cape Coral, Florida (the "Property"). *See* Complaint ¶ 5 [ECF No. 8] ("Compl."). The Property was covered under a commercial insurance policy (the "Policy") issued by Mt. Hawley, effective November 22, 2021 through November 22, 2022. *See* Compl. ¶ 5; Exhibit B [ECF No. 1-2] ("Policy").

The Policy contains an appraisal provision, stating in relevant part:

> If we and you disagree on the value of property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
>     a. Pay its chosen appraiser; and
>     b. Bear the other expenses of the appraisal and umpire equally.

1

Policy 47, 58, 91.[1]  The Policy also includes a choice of law provision, stating that "all matters arising hereunder . . . shall be determined in accordance with the law and practice of the State of New York."  Policy 95, 149.  In addition, there is a forum selection clause, providing that the parties "shall submit to the jurisdiction of a court . . . in the State of New York."  Policy 95, 149.

On September 28, 2022, the Property was damaged during Hurricane Ian.  *See* Compl. ¶ 7. 7Group submitted a claim for coverage.  *See* Compl. ¶¶ 19–20.  After an investigation, Mt. Hawley issued payment to 7Group.  *See* Motion to Compel [ECF No. 11] ("Pl. Mem."); Joint Letter 1 [ECF No. 24] ("JL").  However, 7Group alleges that it was "significantly underpaid."[2]  Pl. Mem. 1.

7Group originally filed this action in Florida state court.  *See* State Court Complaint [ECF No. 1-2].  Mt. Hawley subsequently removed the action to the District Court for the Middle District of Florida.  *See* Notice of Removal [ECF No. 1].  7Group then moved to compel appraisal, *see* Pl. Mem., and Mt. Hawley opposed, *see* Response in Opposition [ECF No. 15] ("Opp.").  While that motion was pending, Mt. Hawley moved to transfer the case to this Court.  *See* Motion to Change Venue [ECF No. 12] (Transfer Mem.").  7Group did not oppose, and the action was subsequently transferred to this Court.  *See* Order [ECF No. 17]; Case Transfer Notice [ECF No. 18].  The motion to compel appraisal remains unresolved.

---

[1] Pin cites to the Policy refer to PDF pagination.

[2] The Complaint does not plead the amount of underpayment.  In the memorandum of law in support of its motion to compel, 7Group alleges that it was underpaid by $129,045.60.  *See* Pl. Mem. 1.  However, in a joint letter later submitted to the Court, 7Group states it was underpaid "by more than $107,157."  JL 1.

**DISCUSSION**

## I.      Choice of Law

As an initial matter, the Court finds that New York law is applicable to this dispute.  The Policy states that "all matters arising hereunder . . . shall be determined in accordance with the law and practice of the State of New York."  Policy 95, 149.

A federal court sitting in diversity applies the choice of law rules of the forum state.  *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941).  In interpreting a choice of law provision, the Court applies New York law "to determine whether and to what extent the parties' contractual choice should be honored."  *Woodling v. Garrett Corp.*, 813 F.2d 543, 551 (2d Cir. 1987); *see also EMA Fin., LLC v. NFusz, Inc.*, 444 F. Supp. 3d 530, 540 (S.D.N.Y. 2020).

New York courts "generally enforce choice-of-law clauses."  *Ministers & Missionaries Ben. Bd. v. Snow*, 26 N.Y.3d 466, 470, 45 N.E.3d 917, 919, 25 N.Y.S.3d 21, 23 (N.Y. 2015); *see also Royal Park Invs. SA/NV v. Stanley*, 165 A.D.3d 460, 461, 86 N.Y.S.3d 14, 16 (1st Dep't 2018) (same).  "Absent fraud or violation of public policy," New York courts "apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction."  *Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*, 230 F.3d 549, 556 (2d Cir. 2000).

The Court finds no reason to depart from the choice of law selected in the Policy.  The allegations of the Complaint do not indicate the existence of any fraud, public policy violation, or insufficient contacts with New York.  *See* Compl.  To the contrary, 7Group does not appear to dispute that New York law applies.  In its motion to transfer the action to this Court, Mt. Hawley argued that "the parties have agreed that New York law will govern their dispute."  Transfer Mem. 19.  7Group did not oppose or otherwise respond to that motion, nor does it seek leave to do so now.  Moreover, in opposing 7Group's motion to compel appraisal, Mt. Hawley argued that New York law applies.  *See* Opp. 4–7.  7Group (again) failed to submit a reply brief or to otherwise

dispute these assertions.  Because 7Group has provided no argument or authority to indicate that the law of any other jurisdiction applies, the Court applies New York law to this dispute.

## II.      Appraisal Is Premature

Applying New York law, the Court finds that the motion to compel appraisal is premature. While 7Group argues that it is entitled to an appraisal under the Policy, "it is not always appropriate for such appraisal to occur *before* other issues are resolved."  *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.,* 261 F. Supp. 2d 293, 296 (S.D.N.Y. 2003) (emphasis added).  In particular, "the scope of coverage provided by an insurance policy is a purely legal issue that cannot be determined by an appraisal, which is limited to factual disputes over the amount of loss for which an insurer is liable." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005); *see also Milligan v. CCC Info. Servs. Inc.*, 920 F.3d 146, 153 (2d Cir. 2019) ("An appraisal is appropriate not to resolve legal questions, but rather to address factual disputes over the amount of loss for which an insurer is liable." (citation omitted)); N.Y. Ins. Law § 3408(c) ("[A]n appraisal shall not determine whether the policy actually provides coverage for any portion of the claimed loss or damage.").[3]

There are plainly outstanding disputes regarding the scope of coverage here.  7Group concedes this point.  Indeed, the Complaint alleges that 7Group "is uncertain as to the existence or non-existence of [its] rights to coverage under the . . . Policy."  Compl. ¶ 23; *see also* Compl. ¶ 21 ("Plaintiff is in doubt as to Plaintiff [sic] entitlement to coverage under the . . . Policy."); Compl. ¶ 27 ("Plaintiff is in doubt as to Plaintiff's rights and status under the . . . Policy.").  Given the existence of outstanding coverage issues, the Court finds that an appraisal is premature at this time.  *See Coral Crystal, LLC v. Fed. Ins. Co.*, No. 17-cv-1007, 2020 WL 5350306, at *13

---

[3] *See also* Barry R. Ostrager & Thomas R. Newman, *Handbook on Insurance Coverage Disputes* § 20.04[a] (21st ed. 2022).

(S.D.N.Y. Sept. 3, 2020) ("[T]he more efficient practice for the parties, the appraisers, and the Court is to decide any coverage disputes *before* an appraisal is conducted." (emphasis added)).

## **CONCLUSION**

For the foregoing reasons, the motion to compel appraisal is DENIED without prejudice. The Clerk of the Court is respectfully requested to terminate ECF No. 11.

**SO ORDERED.**

**Date:  November 20, 2023**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**